ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

NOV 2 8 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

SCOTT T. PARKER and VANESSA PARKER,

Plaintiffs,

v.

LAMAR McCARTY DICKEY, JR., a/k/a DICKEY LAMAR McCARTY, JR., and CSX TRANSPORTATION, INC.,

Defendants.

CIVIL ACTION NUMBER: 3:03-CV-150-JTC

## DEFENDANTS CSX TRANSPORTATION, INC., AND DICKEY LAMAR McCARTY, JR.'S NOTICE OF REMOVAL

COME NOW the Defendants CSX Transportation, Inc. (hereinafter "CSXT") and Dickey Lamar McCarty, Jr. ("Defendant McCarty"), and file this their Notice of Removal as follows:

1.

On October 28 2003, Plaintiffs commenced an action against Defendants CSXT and McCarty in the State Court of Coweta County, State of Georgia, Civil Action File No. 03SV825. Plaintiffs seek relief against Defendants for damages in connection with a motor vehicle accident which occurred on or about October 30, 2001 in Coweta County, Georgia

350269-v1

2.

On October 30, 2003, Defendant CSXT was served with a copy of the Complaint in Civil Action File No. 03SV825. Defendant McCarty is believed to have been served on October 28, 2003. True and correct copies of the Summons and Complaint are attached hereto collectively as Exhibit "1", and incorporated herein by reference for all purposes.

3.

Defendant have no knowledge of any other process, pleadings, or proceedings in connection with Civil Action File No. 03SV825 other than those attached hereto.

4.

The above-described action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332.

5.

This action involves a controversy between citizens of different states. This Court, therefore, has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441.

6.

The amount of money in dispute is in excess of the sum of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs.

7.

Defendant CSX is, and at all times relevant hereto has been, a corporation existing under the laws of the State of Virginia with its principal place of business in a state other than the State of Georgia. Defendant McCarty is an individual who resides in Salisbury, North Carolina. Plaintiffs are individuals who reside in Coweta County, Georgia.

8.

Because complete diversity of citizenship exists among the parties, and because Plaintiffs claim damages against Defendants in excess of the sum of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and costs, this Court has jurisdiction of this entire proceeding pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

**WHEREFORE**, Defendant prays:

(1) That Civil Action File No. 03SV825 in the State Court of Coweta County, State of Georgia, be removed therefrom to this Court for determination; and

    (2)    That this Court make and enter an Order of Removal of said action and make such further Orders as it deems necessary and proper.

Respectfully submitted,

<b>CASEY GILSON LEIBEL P.C.</b>

<b>MATTHEW D. WILLIAMS</b><br>
Georgia State Bar No. 763210<br>
<b>WILLIAM W. BROADFOOT III</b><br>
Georgia Bar Number 083810<br>
Attorney for Defendants

31st Floor
Six Concourse Parkway
Atlanta, Georgia  30328
(770) 512-0300
(770) 512-0070 (Fax)

IN THE STATE COURT OF COWETA COUNTY

FILED IN OFFICE
OF STATE COURT

STATE OF GEORGIA

2003 OCT 28 PM 3:18

COWETA COUNTY, GA
SHEILA W. ECHOLS, CLERK

SCOTT T. PARKER and
VANESSA PARKER,

    Plaintiffs,

V.

LAMAR McCARTY DICKEY, JR. a/k/a
DICKEY LAMAR McCARTY, JR. and
CSX TRANSPORTATION, INC.

    Defendants.

CIVIL ACTION NO.

035V825

## COMPLAINT FOR DAMAGES

COME NOW, the above named plaintiffs herein and file this their Complaint against CSX Transportation, Inc. and Lamar McCarty Dickey, Jr. a/k/a Dickey Lamar McCarty, Jr. and respectfully show the court the following:

1.

Plaintiffs Scott T. Parker and Vanessa Parker are residents of Coweta County, Georgia.

2.

The motor vehicle collision which is the subject matter of this Complaint occurred in the City of Newnan, Coweta County, Georgia.

3.

Defendant Lamar McCarty Dickey, Jr. a/k/a Dickey Lamar McCarty, Jr. (hereinafter Defendant McCarty) is a non-resident motorist with a last known address at

1


EXHIBIT 1

1365 Julius Drive, Salisbury, North Carolina 28147 and has been properly served as a non-resident motorist.

4.

Defendant CSX Transportation, Inc. is a non-resident motorist with a registered corporate address at 500 Water Street, Jacksonville, Florida 32202.

5.

Defendant CSX Transportation, Inc. is a foreign corporation for profit with a registered agent, William A. Gerstmyer, in Gwinnett County who may be served at 242 Culver Street, Suite 102, Lawrenceville, Georgia 30045.

6.

Defendant McCarty is subject to the jurisdiction of this court and venue is proper herein..

7.

Defendant CSX Transportation, Inc. is subject to the jurisdiction of this court and venue is proper herein.

8.

On or about October 30, 2001, Plaintiff Scott T. Parker was lawfully operating his vehicle in a easterly direction on Georgia 34 east near its intersection with the I-85 southbound on ramp when he collided with a vehicle owned by CSX Transportation, Inc. and operated by Defendant McCarty

9.

Defendant McCarty negligently operated a vehicle owned by CSX Transportation,

2

Inc. when he turned left in front of Plaintiff's vehicle proximately causing a collision between the vehicles.

10.

Defendant McCarty was negligent by failing to yield the right of way at the intersection when he turned left in front of Plaintiff's oncoming vehicle.

11.

Defendant McCarty was negligent per se by violating O.C.G.A. Section 40-6-71 when he turned left within an intersection and failed to yield the right of way to Plaintiff's vehicle approaching from the opposite direction which was within the intersection or so close thereto as to constitute an immediate hazard.

12.

At the time of the collision, Defendant McCarty was employed by CSX Transportation, Inc. and was acting within the course and scope of his employment with CSX Transportation, Inc. in a master-servant relationship.

13.

CSX Transportation, Inc. is liable for the negligent acts of its employee Defendant McCarty including his negligent operation of the CSX Transportation, Inc. vehicle which collided with the vehicle operated by the Plaintiff herein on or about October 30, 2001.

14.

Defendant CSX Transportation, Inc. is liable for the negligence of Defendant McCarty under the doctrine of respondent superior.

3

15.

Defendant CSX Transportation, Inc. has been properly served with process herein.

16.

Both Defendants were non-resident motorists at the time of the collision and are subject to the jurisdiction of this Court and venue is proper pursuant to O.C.G.A. section 40-12-3.

17.

Defendant McCarty is a joint tortfeasor and /or joint obligor with Defendant CSX Transportation, Inc. and is therefore subject to the jurisdiction of this court.

18.

As a direct and proximate result of the aforesaid collision, Plaintiff Scott T. Parker was seriously and severely injured and continues to suffer from the permanent injuries he sustained.

19.

Defendants were also negligent by failing to maintain a proper lookout, failing to maintain control of their vehicle, failing to obey the traffic control device at the intersection and failing to yield the right of way to Plaintiff's vehicle.

20.

As a direct and proximate result of the aforesaid negligent acts of the Defendants, Plaintiff Scott T. Parker sustained serious injuries necessitating medical treatment and expenses in excess of $22,714.00 to date and will incur future medical expenses in an amount to be proven at trial for which he is entitled to recover special damages from the

Defendants.

21.

As a direct and proximate result of the aforesaid negligent acts of the Defendants, Plaintiff Scott T. Parker was totally disabled for a period of time and remains partially disabled from operating his business which caused him to sustain lost business profits in excess of $10,000.00, an amount to be more specifically proven at trial and for which he seeks special damages herein.

22.

As a direct and proximate result of the aforesaid negligent acts of Defendants, Plaintiff Scott T. Parker has experienced great pain and suffering and other human damages from which he will never completely recover and for which he is entitled to general damages in an amount to be awarded by a jury.

23.

For pain and suffering in the past, present and future, Plaintiff Scott T. Parker is entitled to recover from each of the Defendants, jointly and severally, general damages in an amount to be determined by a fair and impartial jury.

24.

As a direct and proximate result of the negligence of the Defendants, Plaintiff Scott T. Parker suffered other out of pocket expenses and consequential damages in an amount to be proven at trial for which he is entitled to recover special and general damages herein from Defendants, jointly and severally.

25.

As a direct and proximate result of the injuries sustained by her husband, Plaintiff Vanessa Parker has been deprived of the services, society and companionship of her husband Scott T. Parker for which she is entitled to recover general damages herein from Defendants, jointly and severally for her loss of consortium.

WHEREFORE, Plaintiffs pray that this Court grant relief as follows:

a) That process and summons issue and be served upon Defendants as provided by law;

b) For a judgment against the Defendants jointly and severally for all of Plaintiff's out of pocket special and consequential damages in an amount to be proven at trial together with all cost of this action;

c) For a judgment against Defendants jointly and severally, for Plaintiffs special damages for medical expenses, loss of income and lost business profits in an amount to be proven at trial;

d) For a judgment against the Defendants, jointly and severally, for Plaintiff Scott Parker's general damages including pain and suffering in an amount to be awarded by the jury;

e) For a judgment against the Defendants, jointly and severally, for Plaintiff Vanessa Parker's general damages for loss of consortium in an amount to be awarded by the jury;

f) For a judgment against the Defendants for all cost of litigation as authorized by Georgia Law;

g) For such other and further relief as the Court deems just and proper.

This 28th day of October, 2003.

Respectfully submitted,

KAM, EBERSBACH & LEWIS

By: _____
RANDY J. EBERSBACH
State Bar No. 238210
Attorney for Plaintiffs

_____
JULIE B. WILLIAMS
State Bar No. 094110
Attorney for Plaintiffs

7

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| SCOTT T. PARKER and VANESSA PARKER,<br><br>Plaintiffs,<br>v.<br><br>LAMAR McCARTY DICKEY, JR., a/k/a DICKEY LAMAR McCARTY, JR., and CSX TRANSPORTATION, INC.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>: CASE NUMBER:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

**COMES NOW** the undersigned as attorney of record for Defendants herein and certifies that he has this day served copies of **DEFENDANTS CSX TRANSPORTATION, INC. and DICKEY LAMAR MCCARTY, JR.'S NOTICE OF REMOVAL** upon counsel listed below for the Plaintiff herein, by duly mailing to him at his address of record by United States mail, postage prepaid, to wit:

> Randy J. Ebersbach, Esq.
> Julie B. Williams, Esq.
> Kam, Ebersbach & Lewis
> P.O. Box 71609
> 2795 Highway 34 East
> Newnan, Georgia 30271

This the 26th day of November, 2003.

                                                  **CASEY GILSON LEIBEL P.C.**

                                                  *[signature]*

                                                  **MATTHEW D. WILLIAMS**
                                                  Georgia State Bar No. 763210
                                                  **WILLIAM W. BROADFOOT III**
                                                  Georgia Bar Number 083810

31st Floor                                                 Attorney for Defendants
Six Concourse Parkway
Atlanta, Georgia 30328
(770) 512-0300
(770) 512-0070 (Fax)

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

NOV 2 8 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| SCOTT T. PARKER and VANESSA PARKER, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NUMBER: |
| LAMAR McCARTY DICKEY, JR., a/k/a DICKEY LAMAR McCARTY, JR., and CSX TRANSPORTATION, INC., | : |
| Defendants. | : |

3:03-CV-150

## CERTIFICATE OF FILING NOTICE OF REMOVAL

Defendants hereby certify that, on November 28, 2003, Defendants will have had filed a copy of Defendant's Notice of Removal with the Clerk of the State Court of Coweta County, State of Georgia.

350269-v1

Respectfully submitted,

**CASEY GILSON LEIBEL P.C.**

*/s/ Matthew D. Williams*

**MATTHEW D. WILLIAMS**
Georgia State Bar No. 763210
**WILLIAM W. BROADFOOT III**
Georgia Bar Number 083810
Attorney for Defendants

31st Floor
Six Concourse Parkway
Atlanta, Georgia  30328
(770) 512-0300
(770) 512-0070 (Fax)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| SCOTT T. PARKER and VANESSA PARKER, <br><br> Plaintiffs, <br><br> v. <br><br> LAMAR McCARTY DICKEY, JR., a/k/a DICKEY LAMAR McCARTY, JR., and CSX TRANSPORTATION, INC., <br><br> Defendants. | CASE NUMBER: |

## CERTIFICATE OF SERVICE

**COMES NOW** the undersigned as attorney of record for Defendants herein and certifies that he has this day served copies of **CERTIFICATE OF FILING NOTICE OF REMOVAL** upon counsel listed below for the Plaintiff herein, by duly mailing to him at his address of record by United States mail, postage prepaid, to wit:

> Randy J. Ebersbach, Esq.
> Julie B. Williams, Esq.
> Kam, Ebersbach & Lewis
> P.O. Box 71609
> 2795 Highway 34 East
> Newnan, Georgia 30271

This the 26th day of November, 2003.

**CASEY GILSON LEIBEL P.C.**

*[signature]*

**MATTHEW D. WILLIAMS**
Georgia State Bar No. 763210
**WILLIAM W. BROADFOOT III**
Georgia Bar Number 083810
Attorney for Defendants

31st Floor
Six Concourse Parkway
Atlanta, Georgia  30328
(770) 512-0300
(770) 512-0070 (Fax)