FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

DEC - 8 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

SCOTT T. PARKER and VANESSA PARKER,

    Plaintiffs,

v.

DICKEY LAMAR McCARTY, JR., and CSX TRANSPORTATION, INC.,

    Defendants.

CIVIL ACTION
NUMBER 3:03-CV-150-JTC

## ANSWER TO COMPLAINT

COMES NOW CSX Transportation, Inc. (hereinafter "CSXT") and Dickey Lamar McCarty, Jr. ("Defendant McCarty"), Defendants herein, and for their answer to the Plaintiffs' Complaint show the Court as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants plead the doctrine of last clear chance.

## THIRD DEFENSE

No act or omission of Defendants either proximately caused or contributed to the injury or injuries allegedly sustained by Plaintiffs or any damages allegedly incurred and, therefore, Plaintiffs have no right of recovery against Defendants.

## FOURTH DEFENSE

Plaintiffs' Complaint against Defendants is barred for the reason that any injuries allegedly sustained by Plaintiffs were the sole, direct and proximate result of Plaintiffs' own negligence, and no act or negligence of any kind whatsoever of Defendants or any of their agents contributed in any way to the incident described in Plaintiffs' Complaint.

## FIFTH DEFENSE

Although Defendants expressly deny that they or any of their agents were negligent in any way whatsoever, as alleged in Plaintiffs' Complaint, Plaintiffs' own negligence contributed to the injuries alleged and thus any damages allegedly sustained by Plaintiffs must be reduced in proportion to the amount of Plaintiffs' contributory negligence.

## SIXTH DEFENSE

Any injury allegedly sustained by Plaintiffs under the circumstances was not foreseeable to Defendants and, therefore, Plaintiffs' claim is barred.

## SEVENTH DEFENSE

Plaintiffs' Complaint may be barred, in whole or in part, because Plaintiffs have failed to mitigate their damages, if any.

## EIGHTH DEFENSE

Defendants plead insufficiency of process.

## NINTH DEFENSE

Defendants plead insufficiency of service of process.

## TENTH DEFENSE

Plaintiffs' claim is barred as a matter of law because the negligence of Plaintiffs is the sole cause of the incident giving rise to the Complaint.

## ELEVENTH DEFENSE

Plaintiffs' claim is barred as a matter of law because the negligence of Plaintiffs in causing the incident giving rise to the Complaint exceeded any negligence by Defendants.

## TWELFTH DEFENSE

The incident described in Plaintiffs' Complaint was the result of an accident, and the Plaintiffs, therefore, have no right of recovery against Defendants.

## THIRTEENTH DEFENSE

Plaintiffs' Complaint may be barred, in whole or in part, by the preemption doctrine.

## FOURTEENTH DEFENSE

Defendants deny each and every averment contained in Plaintiffs' Complaint not expressly admitted hereinafter, and reserve the right to plead and prove at trial such other and further defenses as may exist under the facts.

Responding to the numbered paragraphs of the Complaint, Defendants show the Court as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 1 of the Complaint, and therefore deny same.

2.

Defendants admit that the accident took place in Coweta County, Georgia, but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 2 of the Complaint.

3.

Defendants admit that defendant Dickey Lamar McCarthy, Jr., is a non-resident motorist with a last known address at 1365 Julius Drive, Salisbury, North Carolina 28147 but are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 3 of the Complaint.

4.

Defendants admit the averments set forth in Paragraph 4 of the Complaint for purposes of the present action only.

5.

Defendants admit the averments set forth in Paragraph 5 of the Complaint.

6.

Defendants admit the averments set forth in Paragraph 6 of the Complaint for purposes of the present action only.

7.

Defendants admit the averments set forth in Paragraph 7 for purposes of the present action only.

8.

Defendants admit that on October 30, 2001 Plaintiff Scott T. Parker collided with a vehicle owned by CSX Transportation, Inc., which was being operated by

Defendant McCarty. Defendants further admit that Mr. Parker was traveling in a easterly direction on Georgia 34 East near its intersection with the I-85 southbound on-ramp when he was involved in a collision with Defendants' vehicle. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 8 of the Complaint, and therefore deny the same.

9.

Defendants deny the averments set forth in Paragraph 9 of the Complaint.

10.

Defendants deny the averments set forth in Paragraph 10 of the Complaint.

11.

Defendants deny the averments set forth in Paragraph 11 of the Complaint.

12.

Defendants admit the averments set forth in Paragraph 12 of the Complaint.

13.

Defendants deny the averments set forth in Paragraph 13 of the Complaint.

14.

Defendants deny the averments set forth in Paragraph 14 of the Complaint.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 15 of the Complaint and, therefore, deny the same.

16.

Defendants admit the averments set forth in Paragraph 16 of the Complaint.

17.

Defendants deny the averments set forth in Paragraph 17 of the Complaint.

18.

Defendants deny the averments set forth in Paragraph 18 of the Complaint.

19.

Defendants deny the averments set forth in Paragraph 19 of the Complaint.

20.

Defendants deny the averments set forth in Paragraph 20 of the Complaint.

21.

Defendants deny the averments set forth in Paragraph 21 of the Complaint.

22.

Defendants deny the averments set forth in Paragraph 22 of the Complaint.

23.

Defendants deny the averments set forth in Paragraph 23 of the Complaint.

24.

Defendants deny the averments set forth in Paragraph 24 of the Complaint.

25.

Defendants deny the averments set forth in Paragraph 25 of the Complaint.

26.

Defendants deny any and all allegations contained in Plaintiffs' Complaint not expressly admitted herein.

Responding to the "Wherefore" clause of the Complaint, Defendants deny that Plaintiffs are entitled to the relief requested therein. Defendants deny all averments of fact contained in the Complaint except as expressly admitted herein.

WHEREFORE, premises considered, Defendants request that:

1)   This action be dismissed, with all costs cast upon Plaintiffs;

2)   That all facts so triable shall be tried by a jury; and

3)   For such other and further relief as this Court may deem just and proper.

CASEY GILSON LEIBEL P.C.

*[signature]*

**MATTHEW D. WILLIAMS**
Georgia Bar No.: 763210
**R. SEAN McEVOY**
Georgia Bar No: 490918
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served the foregoing **DEFENDANTS CSX TRANSPORTATION, INC. AND DICKEY LAMAR MCCARTY, JR.'S ANSWER TO COMPLAINT**, by United States Mail, first class, postage pre-paid and addressed as follows:

> Randy J. Ebersbach, Esq.
> Julie B. Williams, Esq.
> Kam, Ebersbach & Lewis
> P.O. Box 71609
> 2795 Highway 34 East
> Newnan, Georgia 30271

Dated this 5th day of December, 2003.

CASEY GILSON LEIBEL P.C.

*[signature]*

**R. SEAN McEVOY**
Georgia Bar No: 490918
*Attorney for Defendants*

31st Floor
Six Concourse Parkway
Atlanta, Georgia 30328
Telephone: 770/512-0300
Telecopier: 770/512-0070